[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THE PLAINTIFF'S SECOND OFFEROF JUDGMENT.
FACTS
On July 31, 1996, the plaintiff, Alan Horner, filed a complaint against the defendant, Karen Sanango. The plaintiff alleges that the defendant was acting negligently when she struck his vehicle from behind while he was stopped waiting to make a left turn on Bridge Street in New Milford, Connecticut. On November 1, 1996, the plaintiff filed an offer of judgment, pursuant to Practice Book § 345 through § 350 and General Statutes § 52-192a, for $22,500. The defendant did not reply to the plaintiff's offer of judgment. Thereafter, on December 3, 1996, the plaintiff filed a second offer of judgment to the defendant in the amount of $20,000.
The defendant filed this motion to strike on December 30, 1996. The defendant moves to strike on the ground that Practice Book § 335 through § 350 and General Statute §52-192a do not permit the filing of more than one offer of judgment by a plaintiff to a defendant.
There is currently a split of authority in the Superior Court on the issue of whether § 52-192a, as amended byPublic Act 82-228, allows a plaintiff to file a second offer of judgment. Some cases have held that, under the amended version of General Statutes § 52-192a, where a first offer of judgment is not accepted, a plaintiff may not file a second offer of judgment. See Rivera v. St. Francis Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 511982 (November 2, 1993, Sheldon, J.); Rubin v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 250699 (8 CSCR 128, December 31, 1992, Belinkie, J.); Ficeto v.Cipriano, Superior Court, judicial district of Waterbury, Docket No. 079151 (2 CSCR 1188, October 22, 1987, O'Brien, J.). "Other cases have held that `the filing of a second offer of judgment revokes the first one on the basis that the statute contemplates only one effective offer of judgment.'" Just v. MeridenIndustrial Laundry, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 363932 (March 19, 1993, Hennessey, J.); see also Hall v. Mt. Sinai Hospital,
CT Page 1597 Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516071 (September 8, 1995, Hale, J.T.R.);Sobelman v. Mark, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519488 (May 17, 1993, Aronson, J.); Esposito v. Jones, Superior Court, judicial district of Middlesex, Docket No. 044413 (1 CSCR 817, October 8, 1986, Edelberg, S.T.R.) Small v. South Norwalk Savings Bank,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 190848 (1 CSCR 43, January 15, 1986, Spear, J.).
Prior to 1982, § 52-192a permitted a plaintiff to file multiple offers of judgment in the same case. The statute then read, in relevant part, that "[f]ollowing such rejection of an `offer of judgment,' the plaintiff may file a new `offer of judgment' and may continue to do so up to the time of trial."Public Act 82-228 deleted the above language. Section 52-192a(a) now reads:
 ". . . the plaintiff may before trial file with the clerk of the court a written `offer of judgment . . ."
Furthermore, § 52-192a(b) reads:
 "After trial the court shall examine the record to determine whether the plaintiff made `an offer of judgment' which the defendant failed to accept. . . ."
"It is a basic tenet of statutory construction that the legislature did not intend to enact meaningless provisions."Catagno v. Wholean, 239 Conn. 336, 346, ___ A.2d ___ (1996). "In construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." Id.
Accordingly, by deleting the reference to multiple offers of judgment and making all references to offers of judgment in the singular, this court must presume that it was the legislature's intent to limit the number of offers of judgment to one.
This presumption is supported by the legislative history ofPublic Act 82-228, in which Senator Howard Owens, the co-chairman of the Judiciary Committee, explained its purpose. CT Page 1598
 SENATOR OWENS: I move acceptance of the Joint Committee's Favorable Report and passage of this Bill.
THE CHAIR: Will you remark, Senator?
 SENATOR OWENS: Yes, Mr. President. The Bill would change from unlimited to one of number of offers of judgment which a plaintiff could make in a suit and when the plaintiff is to receive interest in addition to judgment, would require that interest be a percentage of the amount awarded rather than the highest rejected offer of judgment. I'd ask if there is no objection to this that it be placed on the Consent Calendar.
For the foregoing reasons, the defendant's motion to strike the second offer of judgment is granted.
HON. WALTER M. PICKETT, JR.State Judge Referee